















```
RAB     10/6/00    13:16
3:00-M -02873   USA V. LERMA-GAVINO
*1*
*CRCMP.*
```

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA  00 MJ 2873

UNITED STATES OF AMERICA, ) Magistrate Case No.
) 
Plaintiff, ) COMPLAINT FOR VIOLATION OF
)
v. ) Title 21, U.S.C., Section 841(a)(1) -
) Possession of Methamphetamine
JOSE LUIS LERMA-GAVINO, ) with Intent to Distribute
)
Defendant. )
)

The undersigned affiant being duly sworn states:

Count 1

On or about May 19, 2000, within the Southern District of California, defendant JOSE LUIS LERMA-GAVINO did knowingly and intentionally possess with intent to distribute, 5 grams and more, to wit: approximately 11.8 grams of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

Count 2

On or about June 14, 2000, within the Southern District of California, defendant JOSE LUIS LERMA-GAVINO did knowingly and intentionally possess with intent to distribute, 5 grams and more, to wit: approximately 104.5 grams of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

Count 3

On or about August 4, 2000, within the Southern District of California, defendant JOSE LUIS LERMA-GAVINO did knowingly and intentionally possess with intent to distribute, 5 grams and more, to wit: approximately 87.3 grams of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

//

//

XJA:klb:Complaint:Lerma
10-03-00

1  And the affiant states that this complaint is based on the attached affidavit, which is incorporated herein
2  by reference.

_____
Signature of Affiant

_____
Official Title   Special Agent

Sworn to before me and subscribed in my presence, __10-3__, 2000.

_____
United States Magistrate

2

## AFFIDAVIT

I, Joseph P. Grillo, being duly sworn, state as follows:

1. I am a Special Agent of the United States Customs Service (USCS), and have been so employed for approximately 13 years. I am presently assigned to the Oceanside Office along with other agents, focusing on investigations of large scale drug trafficking organizations.

2. Since this affidavit is being submitted for the purpose of supporting a criminal complaint, I have not included each and every fact known to me about the defendant or this investigation. I have included only those facts which I believe are necessary to establish probable cause to believe that the defendant has committed the crimes alleged in the complaint.

3. The following facts are either known to me personally or were told to me by other law enforcement officers.

4. On March 9, 2000, a cooperating defendant introduced defendant Jose Luis Lerma-Gavino to USCS Special Agents Jennifer Holden and Sue Lane acting in an undercover capacity (hereinafter UCA's). On March 24, 2000, the undercover agents met with Lerma-Gavino at a local restaurant in Oceanside, California. During the meeting, Lerma-Gavino offered to sell the undercover agents a pound of methamphetamine for $10,000.

5. On May 19, 2000, after negotiations, Lerma-Gavino sold the UCAs a sample of methamphetamine (approximately 11.8 grams) for $900. This transaction took place in the parking lot of a retail business in Oceanside, California. On May 24, 2000, the DEA Lab examined the substance provided by Lerma-Gavino on May 19, 2000, and it tested positive for methamphetamine.

6. On June 14, 2000, Lerma-Gavino met the UCAs in the parking lot of a retail business in Oceanside, California. At the meeting, Lerma-Gavino sold the UCAs approximately 104.5 grams

of methamphetamine for $5,000. On June 23, 2000, the DEA Lab examined the substance provided by Lerma-Gavino on June 14, 2000, and it tested positive for methamphetamine.

7.      On August 2, 2000, Lerma-Gavino had a telephone discussion with one of the UCAs during which he agreed to sell her ½ pound of methamphetamine for $4,5000.

8.      On August 4, 2000, Lerma-Gavino met the UCAs in the parking lot of a retail business in Oceanside, California. During the meeting, Lerma-Gavino sold the UCAs approximately 87.3 grams of methamphetamine for $4,500. On August 11, 2000, the DEA Lab tested the substance provided by Lerma-Gavino on August 4, 2000, and it tested positive for methamphetamine.